UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

PEDRO RIVERA,

        Plaintiff,

-against-

STATE OF NEW YORK and STATE
UNIVERSITY OF NEW YORK AT
PURCHASE,

        Defendant.
------------------------------------------------------------x

**VERIFIED COMPLAINT
AND JURY TRIAL DEMAND**

Index No.

Assigned Judge:
**06 CIV. 2950**

**ROBINSON**

Plaintiff Pedro Rivera, by and through his attorney, Paul N. Cisternino, as and for his complaint, alleges as follows:

## INTRODUCTION

1. This is an action against the Defendant for the violation of Plaintiff's federally guaranteed constitutional and civil rights and his rights as otherwise guaranteed under law.

2. Plaintiff seeks monetary compensation and other damages for the wrongful, illegal and unconstitutional acts of the Defendant which violated rights guaranteed to the Plaintiff under various federal and state laws, specifically Title VII of the Civil Rights Act of 1964 as amended by the Equal Employment Act of 1972, 42 U.S.C. §2000 *et seq.,* the Americans with Disabilities Act of 1990, as codified 42 U.S.C. §§ 12112 – 12117, and the New York State Human Rights Law, New York Executive Law §290 *et seq.*

3. Plaintiff alleges herein that he was subjected to discrimination, denied the

equal terms, conditions and privileges of employment and terminated in retaliation for opposing discrimination and/or due to disability.

## JURISDICTION AND VENUE

4. The jurisdiction of this Honorable Court is invoked pursuant to and under 28 U.S.C. §§ 1331, 1343 and 1367.

5. The unlawful acts alleged herein were committed in whole or in part in the Southern District of New York.

## ADMINISTRATIVE PROCEEDINGS

6. Plaintiff has satisfied all procedural requirements prior to commencing this action in that he timely filed charges of discrimination with the New York State Division of Human Rights and his complaint was dual filed with the United States Equal Employment Opportunity Commission. After amending his original filing, Plaintiff requested and received a written dismissal, a copy of which has been annexed hereto; the instant complaint has been filed within ninety days receipt thereof.

## PARTIES

7. Plaintiff is a Hispanic male who at all times relevant herein resided in Westchester County.

8. Upon information and belief Defendant is an "employer" within the meaning of 42 U.S.C. §2000 *et seq* and New York Executive Law §290 *et seq.*

## ALLEGATIONS

9. Plaintiff hereby repeats and realleges each allegation contained in paragraphs "1" through "8" as if fully set forth herein.

10. Plaintiff has been employed by the Defendant as a cleaner since February 2004.

11. During his period of employment, Plaintiff has always performed his job duties in a competent and professional manner.

12. During the relevant period, Plaintiff's direct supervisor has been Lexor Bedon ("Bedon") who, upon information and belief, worked for Defendant as a supervising janitor.

13. In late 2004 and early 2005, Bedon was accused of sexually harassing two female cleaners who worked for him.

14. In the course of an investigation into these harassment allegations, Plaintiff supported the cleaner's claims, stating that he witnessed objectionable conduct by Bedon directed at one of the women.

15. Upon learning of Plaintiff's support of the allegations, Bedon began retaliating against Plaintiff by, *inter alia*, extended Plaintiff's probation in August 2004 [despite a "satisfactory" evaluation], and rating him "unsatisfactory" in March 2005 [falsely claiming that Plaintiff had been sleeping on the job and that he failed to follow a direct order].

16. Up to the point Bedon learned of Plaintiff's support of the women's claims, Plaintiff had never received other than a "satisfactory" evaluation.

17. Plaintiff also underwent hernia surgery on December 17, 2004 for an injury he

sustained while working, causing him to miss work days.

18. Plaintiff also suffers from various respiratory ailments of which the Defendant is aware, including asthma, which caused him to occasionally miss work days.

19. Despite Plaintiff's repeated requests, Defendant failed to accommodate his conditions and prevented him from returning to work when he had been cleared to do so by his physician.

20. The Defendant terminated Plaintiff on May 21, 2005.

21. At the time of his termination, Plaintiff was making a salary of approximately $22,000 per anum.

22. Plaintiff filed a complaint with the New York State Division of Human Rights alleging opposition/retaliation on or about June 1, 2005 and it was later amended to include a charge of disability discrimination.

## AS AND FOR A FIRST CAUSE OF ACTION BASED ON RETALIATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

23. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "22" as though fully set forth herein.

24. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights in that Plaintiff was disparately treated and illegally terminated for opposing discriminatory practices by the Defendant.

25. As herein described, the Defendant acted with malice or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits,

thereby entitling Plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION BASED ON RETALIATION UNDER NEW YORK EXECUTIVE LAW §290

26. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "25" as though fully set forth herein.

27. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the State Human Rights Law in that Plaintiff was disparately treated and illegally terminated for opposing discriminatory practices by the Defendant.

28. As herein described, the Defendant acted with malice or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory damages.

## AS AND FOR A THIRD CAUSE OF ACTION BASED ON DISABILITY UNDER THE AMERICANS WITH DISABILIIES ACT OF 1990

29. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "28" as though fully set forth herein.

30. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights in that Plaintiff was disparately treated and illegally terminated based on disability.

31. As herein described, the Defendant acted with malice or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits,

thereby entitling Plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

### AS AND FOR A FOURTH CAUSE OF ACTION BASED ON DISABILITY UNDER NEW YORK EXECUTIVE LAW §290

32. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "31" as though fully set forth herein.

33. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the State Human Rights Law in that Plaintiff was disparately treated and illegally terminated based on disability.

34. As herein described, the Defendant acted with malice or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Pedro Rivera, respectfully requests that this Court assume jurisdiction herein and thereafter:

1. Award Plaintiff appropriate compensatory and punitive damages in an amount to be defined and determined;

2. Award reasonable attorney's fees and the costs of this action;

3. Award such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial for all claims stated herein.

Dated: White Plains, New York
       April 17, 2006

>                                   Law Office of Paul N. Cisternino, P.C.
>                                   *Attorneys for Plaintiff*
>
>                                   By: _____
>                                       Paul N. Cisternino (PC0317)
>                                   701 Westchester Avenue  Suite 308W
>                                   White Plains, New York  10604
>                                   (914) 997-0303

# VERIFICATION

STATE OF NEW YORK          )
                           ) SS:
COUNTY OF WESTCHESTER      )

<u>PEDRO RIVERA</u>, being duly sworn, deposes and says:

I am the Plaintiff herein. I have read the foregoing and know the contents thereof; the same is true of my own knowledge except as to the matters stated on information and belief; as to those matters, I believe the same to be true.

_____
PEDRO RIVERA

PAUL N. CISTERNINO, ESQ.
Notary Public, State of New York
No. 02CI6020471
Qualified in Westchester County
Commission Expires 3/1/07

Subscribed and sworn to before me this
17th day of April, 2006.

_____
Notary Public

STATE DIVISION OF HUMAN RIGHTS
STATE OF NEW YORK : EXECUTIVE DEPARTMENT

| | |
|---|---|
| STATE DIVISION OF HUMAN RIGHTS on the Complaint of<br><br>PEDRO A. RIVERA<br>                    Complainant<br>         v.<br><br>NEW YORK STATE, STATE UNIVERSITY OF NEW YORK, STATE UNIVERSITY COLLEGE AT PURCHASE<br>                    Respondent | DETERMINATION AND ORDER OF DISMISSAL FOR ADMINISTRATIVE CONVENIENCE<br><br>Case No. 10105974 |

Federal Charge No. 16GA503555


　　On 6/1/2005, Pedro A. Rivera filed a verified complaint with the State Division of Human Rights charging the above-named respondent with an unlawful discriminatory practice relating to employment because of opposed discrimination/retaliation in violation of the Human Rights Law of the State of New York.

　　Pursuant to Section 297.3 of the Law the State Division of Human Rights finds that noticing the complaint for hearing would be undesirable and the complaint, therefore, is ordered dismissed on the grounds of administrative convenience for the following reason(s): the case should be dismissed for administrative convenience because the complainant intends to pursue this matter by litigation in Federal Court.

　　Processing the complaint will not advance the State's human rights goals.

　　Section 297.9 of the Law provides that:

　　　　... where the Division has dismissed such complaint on
　　　　the grounds of the administrative convenience, ...
　　　　such person shall maintain all rights to bring suit as
　　　　if no complaint had been filed.

　　PLEASE TAKE NOTICE that any party to this proceeding may appeal this Determination to the New York State Supreme Court in the County wherein the alleged unlawful discriminatory practice took place by filing directly with such court a Notice of Petition and Petition <u>within sixty (60) days after service of this Determination</u>. A copy of this Notice and Petition must

Page 1 of 2

Determination: Dismissal AC
SDHR Case No. 10105974
Pedro A. Rivera v. New York State, State University Of New York, State University College At Purchase

also be served on all parties including General Counsel, State Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx, New York 10458.  DO NOT FILE THE ORIGINAL NOTICE AND PETITION WITH THE STATE DIVISION OF HUMAN RIGHTS.

PLEASE TAKE FURTHER NOTICE that a complainant who seeks state judicial review and who receives an adverse decision therein, may lose his or her right to proceed subsequently in federal court by virtue of <u>Kremer v. Chemical Construction Co.</u>, 456 U.S. 461 (1982).

Your charge was also filed under Title VII of the Civil Rights Act of 1964.  Enforcement of the aforementioned law(s) is the responsibility of the U.S. Equal Employment Opportunity Commission (EEOC).  You have the right to request a review by EEOC of this action.  To secure review, you must request it in writing, within 15 days of your receipt of this letter, by writing to EEOC, New York District Office, 33 Whitehall Street, 5th Floor, New York, New York 10004-2112.  Otherwise, EEOC will generally adopt our action in your case.

Dated: 1/31/06
       Brooklyn, New York

                        STATE DIVISION OF HUMAN RIGHTS

                        By: _____
                            Joyce Yearwood-Drury
                            Director O.S.H.I.

Page 2 of 2